UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80081-CIV-RYSKAMP/VITUNAC

JANE WALDMAN, et al.,

    Plaintiffs,

v.

CINGULAR WIRELESS LLC.

    Defendant.

_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR REMAND**

    THIS CAUSE comes before the Court upon Plaintiffs' motion for remand **[DE 18]** filed on April 26, 2007. Defendant responded **[DE 32]** on May 22, 2007. Plaintiffs replied **[DE 40]** on June 7, 2007. The Court heard oral argument from the parties on June 28, 2007. The motion is now ripe for adjudication.

**Introduction**

    All of the underlying facts are set out in the attached Order Granting Plaintiffs' Motion to Remand (Case No. 04-80537). This case has been in state court for the past three years. The original action was filed before Congress enacted the Class Action Fairness Act (CAFA). Plaintiffs recently amended their complaint and Defendant removed the action, for the second time. This time, Defendant removed the action pursuant to CAFA. The issue presented here is whether Defendant's removal pursuant to CAFA is appropriate. To this end, Plaintiffs argue that the case must be remanded for the following reasons:

(1)  Defendant failed to adequately establish subject matter jurisdiction.[1]

(2)  Alternativly, that the relation back doctrine does not apply to post-CAFA amendments.

(3)  If, however, this Court does apply the relation back doctrine, the allegations in the amended complaint relate back to the original pre-CAFA filing date.

(4)  Finally that, federal law, under the Federal Communications Act, does not preempt the state law claims.

As discussed below, this Court finds that the relation back doctrine does apply and accordingly, that the amended complaint does raise new claims.  Therefore, the motion to remand is denied.  Thus, this Court will only discuss Plaintiffs second and third arguments, as listed above.

**Remand Standard**

Federal courts have the power to exercise jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Federal law grants district courts original jurisdiction over civil actions where the matter in controversy exceeds $75,000 (exclusive of interest and costs) and the parties are citizens of different states.  28 U.S.C.§ 1332(a).  Federal jurisdiction under Section 1332(a) requires complete diversity of the parties; that is, every plaintiff must be diverse from every defendant.  *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353,1355 (11th Cir. 1996).

A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C.A. § 1441(a).  Removal statutes are narrowly construed in favor of remand.  *See Shamrock Oil & Gas Corp. v. Sheets*,

---

[1] Plaintiffs have withdrawn this issue from consideration.

313 U.S. 100, 108 (1941).  The removing party bears the burden of establishing jurisdiction.  *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citation omitted).  Additionally, if at any time before final judgment in a removed case, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C.A. § 1447(c).  Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that any doubts or uncertainties as to removal jurisdiction are to be resolved in favor of remand.  *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

**CAFA**

The Class Action Fairness Act ("CAFA"), enacted February 18, 2005, gives federal courts jurisdiction to hear class action lawsuits involving minimally diverse parties and more than five-million dollars in controversy. 28 U.S.C. §1332(d).  CAFA grants original jurisdiction to the federal courts in class actions in which "any member of the class of plaintiffs" possesses the requisite diversity with respect to "any defendant." 28 U.S.C. §1332(d).

Under CAFA, Congress created the concept of balanced diversity. CAFA of 2005, Pub.L, No. 109-2, §2, 119 Stat. 4 (modified in scattered sections of 28 U.S.C.); S.Rep. No. 109-14, at 6 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 7.  Unlike normal diversity where plaintiffs and defendants must be completely diverse, "balanced diversity" will tolerate some class-action plaintiffs sharing citizenship with defendants so long as at least one member of a class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. 1332(d)(2)(A). In this instance, a district court shall have original jurisdiction provided that two other requirements are met: (1) the putative class consists of 100 or more members, 28 U.S.C. 1332(d)(5)(B); and (2)

the matter in controversy, as between the putative class, exceeds the sum or value of $5,000,000. 28 U.S.C. 1332(d). *Robinson v. Cheetah Transp.*, No. Civ. A. 06-0005, 2006 WL 468820 (W.D. La. Feb. 27, 2006).

With regards to the requisite amount in controversy, CAFA eliminates the general rule of nonaggregation for purposes of determining the amount in controversy. While the general rule of nonaggregation holds that the over $75,000 amount in controversy must be established for each individual plaintiff, the amount in controversy under CAFA can be satisfied by aggregating the individual class members' claims. 28 U.S.C. 1332(d)(6). *See Eufaula Drugs, Inc. v. Tmesys, Inc.,* 432 F.Supp.2d 1240 (M.D.Ala.,2006).

CAFA also provides special provisions regarding removal of class actions to federal court. 28 U.S.C. 1453 (b); *Jones v. Fort Dodge Animal Health*, not reported in F.Supp.2d, 2006 WL 1877103, N.D.Fla.,2006. A class action may now be removed to federal court without regard to whether any defendant is a citizen of the state in which the action is brought, and any defendant can remove the action without the consent of the other defendants. *Id.* Further, the one-year bar to removal from the time a case has been commenced, *see* U.S.C. 1446(b), no longer applies to class actions. 28 U.S.C. 1453(b). *Id*.

**Relation Back**

CAFA states that "the Act shall apply to any civil action commenced on or after the date of enactment of this act." CAFA was enacted on February 18, 2005 and it cannot be applied retroactively. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 571 (2005). Thus, a case that commenced prior to February 18, 2005 is not removable under this statute.

In this case, Plaintiffs filed their original complaint before CAFA was enacted but filed an

amended complaint after CAFA was enacted. Thus, the issue here is to determine when Plaintiffs commenced their lawsuit; did the case commence upon filing of the original complaint or upon filing of the amended complaint. This inquiry necessarily leads to the question of whether the relation-back doctrine applies. Plaintiffs argue that the relation-back doctrine does not apply in CAFA cases, but, if the relation-back doctrine does apply, the law suit was commenced when Plaintiffs filed the original complaint as the amended complaint did not add a new defendant or claim. Thus, CAFA does not apply and their motion to remand should be granted.

Defendant, of course, contends that the relation back doctrine does apply and that Plaintiffs' amended complaint does not relate back to the originally filed complaint; thus, CAFA does apply and this Court has jurisdiction.

Thus, this Court must determine when the cases commenced for CAFA purposes. This Circuit requires that a district court look to state law from which the state court action commenced to determine when an action commenced. Here, this Court must look to Florida Rule of Civil Procedure1.050 which states that all civil actions are "commenced when the complaint ... is filed ..."

Plaintiffs urge this Court to adopt the 9th Circuit approach explained in *McAtee v. Capitol One, F.S.B.*, 479 F.3d 1143, (9th Cir. 2007). That court reasoned that the relation back doctrine is only used in instances where time is of the essence, for example, where a claim is limited by a statute of limitation. This court reasoned that the relation back doctrine accomplishes two goals: first, it protects a plaintiff's right to adjudicate a claim, and second, it protects defendants from being "ambushed" by late filed or late served causes of action where that defendant was not put

on notice of the suit by the original complaint. CAFA does not, however, involve any statute of limitations issues and therefore the "stakes are lower" and do not require the protection provided by the relation back doctrine. This is because CAFA does not limit whether a case can be litigated, but rather dictates the forum in which the case will be litigated. Furthermore, the *McAtee* court held that "[i]n a CAFA case, we need be less concerned about avoiding unfair surprise of a defendant, and more concerned about having a clear and easy-to-follow rule. Thus, that court held that absent a clear state rule to the contrary, courts should not consider the relation back doctrine for CAFA purposes.

Defendant argues that the Ninth Circuit is the minority opinion and that this Court should instead follow the rule adopted by the Fifth, Seventh, Eighth, and Tenth Circuits. *Braud v. Trans. Serv. Co.*, 445 F.3d 801, 806 (5th Cir. 2006); *Kndsen v. Liberty Mut. Ins. Co.*, 435 F.3d 775, 757 (7th Cir. 2006); *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006); *Prime Care of Ne. Kan v. Humana Ins. Co.*, 447 F.3d 1284, 1289 (10th Cir. 2006). As recognized in *McAtee*, these Circuits "have relied at least in part on state-law relation back doctrine." *McAtee* at 1146.

Although the Eleventh Circuit has never addressed this exact issue, one district court in this Circuit has adopted the Ninth Circuit's rationale. *Lowery v. Honeywell Intern, Inc.*, 460 F.Supp.2d 1288, 1292 (N.D. Ala. 2006). Two district courts in this Circuit, however, have used the relation back doctrine in their analysis. *Senterfitt v. SunTrust Mortg., Inc.*, 385 F.Supp.2d 1377, 1379-80 (S.D.Ga. 2005); *Eufaula Drugs, Inc. v. Scripsolutions*, 2005 WL 2465746 (M.D. Ala. 2005).

This Court holds that the relation back doctrine does apply. Now this court must

determine if Plaintiffs' amended complaint relates back to the original complaint. If the amended complaint does not relate back, Plaintiffs commenced a new suit for the purposes of CAFA.

Under Florida law, an amended complaint relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fla. R. Civ. Pro. 1.190(c). "The test of whether an amendment offered by a party sets forth a 'new cause of action' is not whether the cause of action stated in the amended pleading is identical to that stated in the original. Rather, the test is whether the pleading as amended is based upon the same specific conduct, transaction or occurrence between the parties upon which the plaintiff tried to enforce his original claim." *Turner v. Trade-Mor, Inc.*, 252 So.2d 383, (Fla. 4th D.C.A. 1971). Florida courts have interpreted this language more liberally than the correlative federal rule. *Okeelanta Corp. v. Bygrave*, 660 So.2d 743, 751 (Fla. 4th D.C.A. 1995). Thus, when a party amends a complaint to add an entirely new party, relation back does not apply. *Totura & Co., Inc. v. Williams*, 754 So.2d. 671, 673 (Fla. 2000). Likewise, when a party amends a complaint to add an entirely new claim, relation back does not apply.

In this case, the amended complaint adds an entirely new claim. First, Plaintiffs expand the class definition beyond what was contemplated in the original complaint. Plaintiffs challenge the amount of ETFs charged regardless of whether the customer experienced service problems. Second, the amended complaint addresses customers who were charged an ETF when the amount of the ETF exceeded the remaining monthly service charges under the contract. Finally, the amended complaint adds a claim for injunctive relief wherein Cingular would be required to print the amount of months remaining in a customer's contract and/or prohibiting Cingular from

charging an ETF for any contract extensions past the original contract termination date.

Thus, under CAFA, Defendant has shown that minimal diversity exists, the aggregate amount in controversy exceeds $5,000,000 and there are 100 or more class members.

**Conclusion**

Based on the forgoing, it is:

ORDERED and ADJUDGED that Plaintiffs' motion to remand **[DE 18]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 29 day of June, 2007.

                        /s/ Kenneth L. Ryskamp
                        KENNETH L. RYSKAMP
                        UNITED STATES DISTRICT JUDGE

Copies to:
All counsel of record